**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------X

VIOLENE PERCY,                                                                                    16-cv-5304

                                        Plaintiff,

                                                                                                    **ORDER**

                        -against-

BASIL TOWNSEND.

                                        Defendant.

----------------------------------------------------------------X

VICTORIA REZNIK, United States Magistrate Judge:

       This case is currently set for trial on Tuesday, December 12, 2023. As discussed during

the final pretrial conference on December 1, 2023, the Court issues the following order regarding

(1) the testimony of Miqueline Mazza, (2) the testimony of Pamela Alexander, (3) Plaintiff's

proposed Exhibits 1 – 6, and (4) Defendant's proposed Exhibits A and B.

### Testimony of Miqueline Mazza

       Plaintiff intends to call witness Miqueline Mazza to testify about her own alleged sexual

harassment from Defendant, similar to that alleged by Plaintiff. During the pretrial conference,

based on the arguments of counsel, this Court held that the testimony of Miqueline Mazza

appears to be relevant and admissible under Rule 404(b) to show Defendant's motive and

discriminatory intent. Fed. R. Evid. 404(b); *see Zubulake v. UBS Warburg LLC.,* 382 F. Supp. 2d

536, 545 (S.D.N.Y. 2005) (holding that testimony of other employees about similar acts of

discrimination is relevant to proving discriminatory intent); *Heyne v. Caruso*, 69 F.3d 1475,

1481 (9th Cir. 1995)). But the Court reserved judgment on whether Ms. Mazza's testimony

should nevertheless be precluded, under Rule 403, as unfairly prejudicial and potentially

confusing the issues. Fed. R. Evid. 403 (giving court discretion to exclude relevant evidence if its

probative value is substantially outweighed by a danger of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence").

Here, the Court finds that the probative value of Ms. Mazza's testimony is not substantially outweighed by the danger of unfair prejudice or confusion of the issues. Indeed, "[t]here is no unfair prejudice…if the jury were to believe that an employer's sexual harassment of other female employees made it more likely that an employer viewed his female workers as sexual objects, and that, in turn, convinced the jury that an employer was more likely to fire an employee in retaliation for her refusal of his sexual advances." *Zubulake*, 382 F. Supp. 2d at 545 (S.D.N.Y. 2005) (quoting *Heyne*, 69 F.3d at 1481 (9th Cir. 1995)). And any potential confusion of the issues can be addressed through instructions to the jury about the relevance of Ms. Mazza's testimony to Defendant's alleged discriminatory motive and intent. The Court will therefore permit Ms. Mazza to testify at trial as described in the parties' Joint PTO.

## Testimony of Pamela Alexander

Defendant intends to call Pamela Alexander to testify about both a disciplinary proceeding involving Plaintiff and the fact that Plaintiff never told her about Defendant's alleged sexual harassment. Plaintiff objected to Ms. Alexander's testimony, arguing that it is irrelevant to the hostile work environment claim and, potentially, highly prejudicial. The Court finds that the testimony of Ms. Alexander about the facts underlying the internal investigation into Plaintiff is relevant and admissible to rebut Plaintiff's *quid pro quo* and retaliation claims. But such testimony is neither relevant nor admissible to rebut Plaintiff's hostile work environment claim or to attack Plaintiff's character for truthfulness. *See* Fed. R. Evid. 608(b) (precluding use of specific instances of conduct to attack a witness's character for truthfulness). Accordingly,

depending on how Ms. Alexander testifies, the Court will issue a limiting instruction that her testimony about the facts underlying the investigation into Plaintiff is admissible only to rebut Plaintiff's *quid pro quo* and retaliation claims (not her hostile work environment claim), and not as evidence of her character for truthfulness.

### <u>Plaintiff's Proposed Exhibits 1 – 6</u>

*Exhibits 1, 3, and 4*: To the extent these exhibits are being introduced for their truth, they are inadmissible hearsay and Plaintiff has not identified an applicable hearsay exception. To the extent Plaintiff intends to use these exhibits for impeachment purposes only (as indicated during the final pretrial conference at least with respect to Exhibits 1 and 3), the Court reserves ruling on whether these exhibits are admissible, subject to Plaintiff laying the proper foundation at trial.

*Exhibit 2*: This exhibit is a notice of discipline with an unsigned attachment listing allegations made against Defendant by a third-party witness, Vivienne Brunson-Bedi. Plaintiff has not noticed Vivienne Brunson-Bedi as a witness to testify at this trial. To the extent this exhibit is being introduced for its truth, it is hearsay. Based on arguments of counsel at the final pretrial conference, it appears that Plaintiff will not be able establish an applicable hearsay exception. In any case, the Court intends to exercise its discretion under Rule 403 to exclude this exhibit because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and needlessly presenting cumulative evidence to the jury given the Court's admission of Ms. Mazza's testimony. *See Arlio v. Lively*, 474 F.3d 46, 53 (2d Cir. 2007) (overturning jury verdict because the prejudicial effect of testimony that a State Mediation Board issued a prior ruling for one party prejudiced the jury); *Paolitto v. John Brown E. & C., Inc.*, 151 F.3d 60, 65 (2d Cir. 1998) (holding that District Court did not abuse its discretion in excluding findings of the Connecticut Commission on Human Rights and Opportunities).

To the extent Plaintiff intends to use Exhibit 2 for impeachment purposes only, the Court reserves ruling but notes that Plaintiff would need to lay the proper foundation.

*Exhibit 5*: This document is a CSEA judicial board decision about allegations made against Defendant by a third-party witness, Vivienne Brunson-Bedi. Plaintiff has not noticed Ms. Brunson-Bedi as a witness to testify at this trial.

To the extent this exhibit is being introduced for its truth, it is hearsay. At the final pretrial conference, Plaintiff did not explain how this exhibit could fulfill a hearsay exception, nor does it appear to the Court that there is one. For instance, it does not appear that this exhibit could meet any of the elements of either the business or public records exceptions, nor has counsel noticed a records custodian who could lay such a foundation.[1]

Instead, Plaintiff argues that this exhibit is admissible because it contains the findings of a prior administrative proceeding, primarily relying on *Chandler v. Roudebush*, 425 U.S. 840 (1976). As an initial matter, it is unclear that a proceeding conducted by the CSEA (a non-profit worker's union) – whose evidentiary rules and hearing procedures are unspecified by either party – constitutes the official findings from an administrative proceeding. In any case, even if the Court assumes that the exhibit relates to an official administrative proceeding, *Chandler* is wholly distinguishable. In *Chandler*, the Supreme Court held that federal employees are entitled to a trial de novo when bringing suits for judicial review of administrative decisions of their claims and that prior administrative findings of employment discrimination are admissible at those trials. *Chandler* did not address the admissibility of prior administrative findings for other complainants – such as Ms. Bedi – who make similar allegations.

---

[1] According to Plaintiff's previous filings, CSEA is a "worker union formed as a not-for-profit corporation," which makes the Court skeptical that the public records exception could even apply. (ECF No. 99 at 2 (citing Plaintiff's Response to Defendant CSEA's Rule 56.1 Statement and Plaintiff's Rule 56.1 statement).

*Exhibit 5* is also highly prejudicial as it includes allegations (both substantiated and unsubstantiated) from a non-testifying third party, who will not be subject to cross-examination at trial. Nor has Plaintiff provided any basis for the Court to evaluate the credibility of the determinations made within the document.  As with Exhibit 2, the Court intends to exercise its discretion under Rule 403 to exclude this exhibit, because its probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, and needlessly presenting cumulative evidence to the jury given the Court's admission of Ms. Mazza's testimony. *See Arlio*, 474 F.3d at 53; *Paolitto*, 151 F.3d at 65.

**Exhibit 6**: This document outlines allegations made by a third-party witness against Defendant. At the final pretrial conference, Plaintiff's counsel stated that he was uncertain about the identity of the accuser. To the extent this exhibit is being introduced for its truth, it is hearsay. Based on arguments of counsel, it does not appear that Plaintiff can establish an applicable hearsay exception. The Court also intends to exercise its discretion under Rule 403 to preclude this exhibit, because its probative value (which is limited as this document appears to merely present allegations) is substantially outweighed by a risk of confusing the issues, being cumulative of Ms. Mazza's testimony, and being unfairly prejudicial. *See Arlio*, 474 F.3d at 53; *Paolitto*, 151 F.3d at 65.

### **Defendant's Proposed Exhibits A and B**

**Exhibit A**: This exhibit is a notice of suspension signed by Plaintiff and lists allegations against her regarding the facts underlying an internal investigation. To the extent this exhibit is being introduced to prove the truth of the allegations contained in it, it is inadmissible hearsay. However, this document is admissible, and not hearsay, to the extent it is being offered to prove the effect it had on Plaintiff when she received it or to rebut Plaintiff's allegations regarding *quid*

*pro quo* and retaliation. Given Plaintiff's allegation that Defendant failed to represent her during this investigation – which is central to her *quid pro quo* and retaliation claims – the Court also finds that the probative value of this document outweighs any potential unfair prejudice, under Rule 403.

As with Ms. Alexander's testimony, the Court thus finds that Exhibit A and the facts underlying the internal investigation into Plaintiff are relevant and admissible to rebut Plaintiff's *quid pro quo* and retaliation claims. But such testimony is neither relevant nor admissible to rebut Plaintiff's hostile work environment claim or to attack Plaintiff's character for truthfulness. *See* Fed. R. Evid. 608(b) (precluding use of specific instances of conduct to attack a witness's character for truthfulness). The Court will issue a limiting instruction to the jury that Exhibit A and the facts underlying the investigation into Plaintiff are only admissible to rebut Plaintiff's *quid pro quo* and retaliation claims (not her hostile work environment claim), and not as evidence of her character for truthfulness.

**Exhibit B**: This exhibit is a resignation form signed by Plaintiff. It is a statement of a party opponent and is admissible.

**SO ORDERED.**

DATED:      White Plains, New York
            December 6, 2023


_____
VICTORIA REZNIK
United States Magistrate Judge