USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/30/2024

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------X

VIOLENE PERCY,

Plaintiff,

-against-

BASIL TOWNSEND,

Defendant.

--------------------------------------------------------------X

16-cv-5304

**OPINION & ORDER**

VICTORIA REZNIK, United States Magistrate Judge:

A jury returned a verdict for Plaintiff on her hostile work environment claim under the New York State Human Rights Law (NYSHRL) and awarded $125,000 of compensatory damages for non-economic injuries (e.g., pain and suffering, mental anguish, and emotional distress).

This Court set February 22, 2024, as a deadline for post-trial motions. Opposition papers were due March 21, 2024. Plaintiff moved to amend judgment and award prejudgment interest of $108,924.66. (ECF Nos. 132, 132-1 to 132-3). Plaintiff separately filed a bill of costs listing various costs incurred over the course of the case. (ECF Nos. 131, 131-1 to 131-4). Defendant never filed opposition papers to either of these submissions. On May 21, 2024, the Clerk of Court issued a notice to Plaintiff's counsel to re-file the bill of costs, following certain instructions, after the undersigned decides the motion to amend judgment for prejudgment interest.

For the reasons discussed below, Plaintiff's motion for prejudgment interest is **DENIED.**

**DISCUSSION**

Plaintiff requests prejudgment interest of $108,924.66 on the jury's award of $125,000 in compensatory damages, calculated at the 9% statutory rate,[1] from May 27, 2014 (the purported date of the last discriminatory act) to January 29, 2024 (the verdict date).[2] (ECF No. 132).

As an initial matter, "[t]he award of interest is generally within the discretion of the district court and will not be overturned on appeal absent an abuse of discretion." *ExxonMobil Oil Corp. v. TIG Ins. Co*., 44 F.4th 163, 178 (2d Cir.), *cert. dismissed*, 143 S. Ct. 480 (2022). When damages awarded to the plaintiff represent compensation for lost wages or back pay, it is ordinarily an abuse of discretion *not* to include prejudgment interest. *See Makinen v. City of New York,* No. 11cv07535, 2016 WL 1451543, at *9 (S.D.N.Y. Apr. 12, 2016) (citing *Gierlinger v.* Gleason, 160 F.3d 858, 873 (2d Cir. 1998)). But for compensatory damages—which involve non-economic damages like pain and suffering, mental anguish, and emotional distress—the guidance is less clear. A few courts have awarded prejudgment interest on compensatory damages where plaintiffs prevailed on their federal – or federal *and* state – employment discrimination claims and the court found it necessary "to meaningfully make plaintiff whole…." *Robinson v. Instructional Sys., Inc*., 80 F. Supp. 2d 203, 207-208 (S.D.N.Y. 2000); *see also Chen v. Shanghai Cafe Deluxe, Inc*., No. 17-CV-2536 (VF), 2023 WL 2625791 (S.D.N.Y. Mar. 24, 2023) (awarding prejudgment interest on combined backpay and emotional distress damages on federal and state claims).

Other courts have rejected requests for prejudgment interest on compensatory damages, finding that such awards are "not the norm for New York federal courts" and are generally

[1] Under N.Y. CPLR § 5004, prejudgment interest runs at the rate of nine percent per annum (9%). N.Y. CPLR § 5004.

[2] Plaintiff started their calculation on May 27, 2014, because she claims that she testified to that date as "the date of the last discriminatory act." (ECF No. 132-1 at 4).

"unnecessary to make the claimants whole." *E.E.O.C. v. Everdry Mkt. & Mgmt., Inc.*, 556 F. Supp. 2d 213, 224 (W.D.N.Y. 2008), *aff'd,* 348 F. App'x 677 (2d Cir. 2009).[3] These courts often emphasize that unlike a backpay award, "[a]n award of compensatory damages for pain and suffering…is not so easily calculated and represents the jury's translation into monetary terms a loss that is difficult to quantify." *McIntosh v. Irving Tr. Co.*, 873 F. Supp. 872, 882 (S.D.N.Y. 1995). Adding to this difficulty, a compensatory damages award "is not easily divided into specific periods like back pay and it does not represent an amount that the defendant has withheld from the plaintiff in the same way that awards in contract or property actions do." *Id.* Several courts have also noted that New York state courts generally find that prejudgment interest is unavailable for awards for past emotional distress. *See Makinen*, No. 11cv07535, 2016 WL 1451543, at *10 (citing *Meacham v. Knolls Atomic Power Lab.*, 185 F. Supp. 2d 193, 237 (N.D.N.Y. 2002)(collecting cases)).[4]

Here, the Court declines to award prejudgment interest on Plaintiff's compensatory damages award because it is unnecessary to make Plaintiff whole. These damages were awarded by the jury under state law and, as discussed in *McIntosh*, "the reasons for limiting prejudgment interest under CPLR § 5001 to contract and property actions apply with particular force" to a

---

[3] *See Angulo v. 36th St. Hosp. LLC*, No. 19cv5075, 2020 WL 4938188 at *19 n. 11 (S.D.N.Y. July 31, 2020), *report and recommendation adopted*, No. 19cv5075, 2020 WL 4936961 (S.D.N.Y. Aug. 24, 2020) (noting that prejudgment interest on emotional distress damages are "not the norm" for New York federal courts and rejecting the request as unnecessary to make plaintiff whole); *Makinen v. City of New York*, No. 11cv07535, 2016 WL 1451543, at *10 (S.D.N.Y. Apr. 12, 2016) (declining to grant prejudgment interest on compensatory damages awarded under state law); *Kuper v. Empire Blue Cross & Blue Shield*, No. 99-CV-1190, 2004 WL 97685, at *2 (S.D.N.Y. Jan. 20, 2004) (noting that "the majority of New York federal courts have declined to grant prejudgment interest on compensatory damages for mental anguish on the ground that such an award is not necessary to make the plaintiff whole."); *DeCurtis v. Upward Bound Int'l, Inc.*, No. 09cv5378, 2011 WL 4549412, at *9 n. 4 (S.D.N.Y Sept. 27, 2011)(noting that "awards of prejudgment interest on emotional distress damages is not the norm for New York federal courts" and finding it unnecessary to make plaintiff whole).

[4] *Meacham* was vacated and remanded on other grounds, 461 F.3d 134 (2d Cir. 2006). *See also McIntyre v. Manhattan Ford, Lincoln-Mercury, Inc.,* 176 Misc. 2d 325, 334 (Sup. Ct., N.Y. Co. 1997) (internal citations omitted) ("[i]n interpreting CPLR 5001, courts of New York State have consistently held that preverdict interest is not available on an award of compensatory damages.").

case involving compensatory damages under NYSHRL. *McIntosh*, 873 F. Supp. at 882. Such damages are not easily calculated, and the jury's award already represents their best quantification of losses that are difficult to quantify. Indeed, the jury heard evidence about Plaintiffs non-economic damages (including the time periods involved) and was specifically instructed that "[c]ompensatory damages seek to make the plaintiff whole."[5] The Court has no reason to second-guess the jury's calculation.

**CONCLUSION**

For the reasons discussed above, Plaintiff's motion for prejudgment interest is **DENIED.** Plaintiff shall re-file their bill of costs, following the Clerk's instructions, and the Clerk shall address Plaintiff's bill of costs upon receipt.

**SO ORDERED.**

DATED: White Plains, New York
May 30, 2024

VICTORIA REZNIK
United States Magistrate Judge

[5] Quoting from the jury instructions, which were marked as Court Exhibit 5 at trial.